UNITED STATES of America, Plaintiff—Appellee,

v.

John HAYES, Jr., Defendant—Appellant.

No. 05–10002.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 25, 2006.

Decided Aug. 18, 2006.

Anne Pings, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

John P. Balazs, Esq., Sacramento, CA, for Defendant–Appellant.

Before: HUG, KLEINFELD, and PAEZ, Circuit Judges.

### MEMORANDUM *

John Hayes, Jr. appeals his conviction and sentence for possession of cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1), and possession of a firearm having been convicted of a prior felony, 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hayes raises three challenges on appeal. First, he contends that a traffic stop—from which evidence of marijuana was found in his car and used to obtain a search warrant of his residence—was unconstitutionally prolonged. A valid traffic stop "can become unlawful if it is prolonged beyond the time reasonably required to complete [the traffic stop's] mission." *Illinois v. Caballes*, 543 U.S. 405, 407, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005). Here, the police officers did not unreasonably prolong Hayes's detention. Hayes conceded that he was detained pursuant to a valid traffic stop violation for no more than three minutes when he admitted to having drugs in his car. The police officers were thereafter justified in continuing Hayes' detention and search of his vehicle. *See United States v. Chavez–Valenzuela*, 268 F.3d 719, 724 (9th Cir.2001) (holding that a traffic stop detention may be prolonged if an officer notices particularized, objective factors arousing his suspicion of independent criminal wrongdoing).

Second, Hayes challenges the validity of the search warrant. He alleges that the search warrant affidavit lacked facts sufficient to demonstrate probable cause and that the affiant acted in bad faith by including improper statements in the search warrant affidavit. We review the issuance of a search warrant for clear error in order "to determine whether the magistrate had a substantial basis to conclude that the warrant was supported by probable cause." *United States v. Fernandez*, 388 F.3d 1199, 1252 (9th Cir.2004). Given the evidence of marijuana seized in individually packaged baggies at the traffic

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

stop, and evidence of other implements found on Hayes commonly linked to drug transactions, we cannot conclude that the state court clearly erred in issuing the search warrant.

Under *Franks v. Delaware,* a defendant may also challenge the validity of a search warrant if he can show "that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Hayes has not demonstrated that any false statement was presented in the affidavit, and the bad faith conduct Hayes alleges does not give rise to a cognizable claim under *Franks.*

■ Third, Hayes contends that the district court abused its discretion by excluding relevant evidence of third party liability at trial. Hayes sought to introduce evidence of a family member's prior conviction for the sale of cocaine in another state. The district court did not abuse its discretion by concluding that the prejudicial impact and potential for confusion of such evidence substantially outweighed its probative value. *See Holmes v. South Carolina,* — U.S. —, —, 126 S.Ct. 1727, 1732, 164 L.Ed.2d 503 (2006).

AFFIRMED.